FILED
2026 Jul-02  PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **VICTOR M HERNANDEZ LARA,** } | |
| } | |
| **Petitioner,** } | |
| } | |
| **v.** } | **Case No.:  1:26-cv-1098-ACA** |
| } | |
| **BARRY SMITH, et al.,** } | |
| } | |
| **Respondents** } | |

## MEMORANDUM OPINION AND ORDER

Petitioner Victor Hernandez Lara filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from United States Immigration and Customs Enforcement's ("ICE") custody or, alternatively, an individualized bond hearing. (Doc. 1).  His petition asserts five causes of action: (1) violation of 8 U.S.C. § 1226 ("Count One"), (2) violation of the bond regulations associated with § 1226 ("Count Two"), (3) violation of the Administrative Procedure Act ("Counts Three and Four," respectively), and (4) violation of the Fifth Amendment ("Count Five").

For the reasons below, the court **WILL GRANT IN PART** Mr. Lara's petition and **RESERVES RULING IN PART**. The court **GRANTS** his petition with respect to Count One and Count Two and **ORDERS** the respondents to (1) provide Mr. Lara a bond hearing **on or before July 9, 2026** or (2) release him from custody.

The respondents must provide Mr. Ratliff at least forty-eight hours' notice of the hearing. The respondents must file a certificate of compliance with the court's order **on or before July 10, 2026**. The court **RESERVES RULING** on the remaining claims in Mr. Lara's petition.

Because the respondents' response to the court's order to show cause addressed only Mr. Lara's § 1226 claims and his request for bond, the court **ORDERS** the respondents to file an amended response addressing the remaining claims and requested relief in Mr. Lara's petition. The respondents must file their response **on or before July 10, 2026**.

## I. BACKGROUND

Mr. Lara is a native of Mexico. (Doc. 1 ¶ 54). In 2006, Mr. Lara entered the United States without inspection. (*Id.*). Since then, he has remained in the United States. (*Id.*).

## II. DISCUSSION

Counts One and Two assert that Mr. Lara is entitled to bond pursuant to § 1226 and its associated regulations. (Doc. 1 ¶¶ 62–65). Respondents concede that the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026) controls and that Mr. Lara is entitled to a bond hearing. (Doc. 15 at 4–5). The court therefore **ORDERS** a bond hearing within seven

days. The respondents must provide Mr. Ratliff at least forty-eight hours' notice of the hearing.

The respondents also argue that because they concede Mr. Lara is entitled to a bond hearing, the court "need not proceed to evaluate any other claims raised in the Petition." (Doc. 15 at 5). The court disagrees because Mr. Lara's petition seeks additional relief other than a bond hearing, including his release. (Doc. 1 at 16–17); *see also Clisby v. Jones*, 960 F.2d 925, 935–36 (11th Cir. 1992) (en banc) (holding in the context of petitions under 28 U.S.C. § 2254 that "district courts [must] resolve all claims for relief raised in a petition for writ of habeas"). So the court **ORDERS** the respondents to file an amended response addressing the remaining claims and requested relief in Mr. Lara's petition. The respondents must file the amended response **on or before July 10, 2026**.

### III.   CONCLUSION

For the reasons above, the court **WILL GRANT IN PART** Mr. Lara's petition and **RESERVES RULING IN PART**. The court **GRANTS** his petition with respect to Count One and Count Two and **ORDERS** the respondents to (1) provide Mr. Lara a bond hearing **on or before July 9, 2026** or (2) release him from custody.

The respondents must provide Mr. Ratliff at least forty-eight hours' notice of the hearing. The respondents must file a certificate of compliance with the court's

order **on or before July 10, 2026**. The court **RESERVES RULING** on the remaining claims in Mr. Lara's petition.

Because the respondents' response to the court's order to show cause addressed only Mr. Lara's § 1226 claim and his request for bond, the court **ORDERS** the respondents to file an amended response addressing the remaining claims and requested relief in Mr. Lara's petition. The respondents must file their response **on or before July 10, 2026**.

**DONE** and **ORDERED** this July 2, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

4